1   J. WESLEY SMITH (State Bar No. 172878)
    GARY A. WATT (State Bar No. 191265)
2   CHRISTOPHER T. LUSTIG (State Bar No. 233338)
    McNamara, Ney, Beatty, Slattery,
3   Borges & Brothers LLP
    1211 Newell Avenue
4   Post Office Box 5288
    Walnut Creek, CA 94596
5   Telephone: (925) 939-5330
    Facsimile:  (925) 939-0203
6   wesley.smith@mcnamaralaw.com
    gary.watt@mcnamaralaw.com
7   christopher.lustig@mcnamaralaw.com

8   Attorneys for Plaintiff/Counter-Defendant
    MERCARI, INC. DBA UNISHIPPERS
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

| 13 | MERCARI, INC., dba UNISHIPPERS, | Case No. C 09-04726 MHP |
|---|---|---|
| 14 | Plaintiff, | **STIPULATION AND ORDER OF DISMISSAL** |
| 15 | vs. | |
| 16 | JUSTIN BEGET, an individual, MATTHEW WALSH, an individual, | **First Amended Complaint Filed:  11/6/09** |
| 17 | FIRST STREET CAPITAL, LLC, dba DC EAST FREIGHT, UNISHIPPERS, a | **DNAFreight Counterclaim Filed: 12/9/09** |
| 18 | Maryland limited liability company, ERIN BREEN, an individual, MONKEY | **Justin Beget Counterclaim Filed: 12/18/09** |
| 19 | LOGISTICS, LLC, a Nevada limited liability company, MOLGER, INC., a | |
| 20 | California corporation, DNAFREIGHT, a California corporation, MOUNTAIN | |
| 21 | VIEW LOGISTICS, LLC dba NEWBURYPORT COMPANIES and dba | |
| 22 | MOVEMENT LOGISTICS, a Maryland limited liability company, VOXX | |
| 23 | SERVICES, LLC, a Maryland entity of unknown form, COLD SPRING | |
| 24 | INVESTMENTS, LLC dba MOVEMENT LOGISTICS, a Maryland limited liability | |
| 25 | company, COLD SPRING INVESTMENTS NO. 1, LIMITED | |
| 26 | PARTNERSHIP dba MOVEMENT LOGISTICS, a Maryland limited | |
| 27 | partnership, COLD SPRING INVESTMENTS NO. 2, LLP dba | |
| 28 | MOVEMENT LOGISTICS, a Maryland | |

*(left margin, vertical text)* McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

STIPULATION AND ORDER OF DISMISSAL

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   limited liability partnership, STEFAN
    TRIANDAFILOU, an individual, and
2   DOES 1-50,

3                      Defendants.

4
    DNA FREIGHT, a California corporation,
5
                    Counter-Claimant,
6
            vs.
7
    MERCARI, INC., a California corporation,
8   dba UNISHIPPERS,

9                  Counter-Defendant.

10
    JUSTIN BEGET, an individual,
11
                    Counter-Claimant,
12
            vs.
13
    MERCARI, INC., a California corporation,
14  dba UNISHIPPERS,

15                 Counter-Defendant.

16

17          WHEREAS, on or about May 18, 2010, plaintiff MERCARI, INC., a California

18  corporation (hereinafter referred to as "Plaintiff") and defendants JUSTIN BEGET, an individual,

19  MATTHEW WALSH, an individual, FIRST STREET CAPITAL, LLC, dba DC EAST

20  FREIGHT, UNISHIPPERS, a Maryland limited liability company, ERIN BREEN, an individual,

21  MONKEY LOGISTICS, LLC, a Nevada limited liability company, MOLGER, INC., a California

22  corporation, DNAFREIGHT, Inc., a California corporation (hereinafter collectively referred to as

23  "Settling Defendants") executed a Settlement and Mutual Release Agreement (the "Settlement

24  Agreement") resolving this action, a true and correct copy of which is attached hereto as Exhibit

25  "A";

26          WHEREAS, in conjunction with execution of the Settlement Agreement and pursuant to

27  Paragraph 3 of the Settlement Agreement, Mercari and the Settling Defendants, through their

28  authorized representatives, have executed a Stipulation for Entry of Judgment (a true and correct

STIPULATION AND ORDER OF DISMISSAL        2

1  copy of which is attached hereto as Exhibit "B");

2      WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement and Paragraph 3 of the

3  Stipulation for Entry of Judgment, Settling Defendants each agreed that should they fail to make

4  certain settlement payments as required by Paragraph 2 of the Settlement Agreement and

5  Paragraph 2 of the Stipulation for Entry of Judgment, and should they fail to cure said breach

6  within the time prescribed by the Settlement Agreement and Stipulation for Entry of Judgment,

7  Plaintiff shall obtain an *ex parte* judgment against Settling Defendants, joint and severally, in this

8  Court in the amount of $500,000, less any and all settlement payments previously received by

9  Plaintiff.

10     IT IS HEREBY STIPULATED by and between Plaintiff and Settling Defendants, through

11 their designated counsel, that Plaintiff's claims against Settling Defendants (as set forth in

12 Mercari's First Amended Complaint, filed 11/6/09) as well as Settling Defendants' Counterclaims

13 (i.e., DNAFreight's Counterclaim filed 12/9/09 and Justin Beget's Counterclaim filed 12/18/09)

14 be, and hereby are, dismissed with prejudice, pursuant to FRCP 41(a)(1)(A)(ii), and that this

15 Court shall retain jurisdiction of this action with respect to the Settling Defendants for the sole

16 purpose of enforcing the Settlement Agreement or entering a judgment against the Settling

17 Defendants in accordance with the terms of the Settlement Agreement and the Stipulation for

18 Entry of Judgment.

19 DATED: May 26, 2010          McNamara, Ney, Beatty, Slattery,
                                 Borges & Brothers LLP

21               By: _____
22                   Roger J. Brothers
23                   J. Wesley Smith
                     Gary A. Watt
24                   Christopher T. Lustiff
                     Attorneys for Plaintiff MERCARI, INC. dba
                     UNISHIPPERS, a California corporation

26               *[Signatures Continued on Next Page.]*

STIPULATION AND ORDER OF DISMISSAL        3

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

*[Signatures Continued from Previous Page.]*

DATED: **5/21**    , 2010                FISHER & PHILLIPS LLP

                                         By: *Ron S. Brand*
                                         Ron S. Brand
                                         Timothy J. Murphy
                                         Attorneys for Defendants Matthew Walsh,
                                         Molger, Inc., a California corporation, and
                                         DNAFreight, a California corporation

DATED:_____, 2010                  STEPHENS & FRIEDLAND LLP

                                         By:_____
                                         Todd G. Friedland
                                         Attorney for Defendants Justin Beget, Erin Breen,
                                         Monkey Logistics, LLC, a Nevada limited liability
                                         company, and First Street Capital, LLC, a Maryland
                                         company

**PURSUANT TO STIPULATION IT IS SO ORDERED.**

DATED: _6/1_____, 2010

IT IS SO ORDERED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Judge Marilyn H. Patel

STIPULATION AND ORDER OF DISMISSAL        4

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1

*[Signatures Continued from Previous Page.]*

2

3   DATED:_____, 2010          FISHER & PHILLIPS LLP

4

5                                    By:_____
                                         Ron S. Brand
6                                        Timothy J. Murphy
                                         Attorneys for Defendants Matthew Walsh,
7                                        Molger, Inc., a California corporation, and
                                         DNAFreight, a California corporation

8

9   DATED:__26____, 2010             STEPHENS & FRIEDLAND LLP

10

11                                   By:_____
                                         Todd G. Friedland
12                                       Attorney for Defendants Justin Beget, Erin Breen,
                                         Monkey Logistics, LLC, a Nevada limited liability
13                                       company, and First Street Capital, LLC, a Maryland
                                         company

14  **PURSUANT TO STIPULATION IT IS SO ORDERED.**

15

16

17

18

19

20

21  DATED: _____, 2010          _____
                                         Marilyn Hall Patel
22                                       United States District Court Judge

23

24

25

26

27

28

    STIPULATION AND ORDER OF DISMISSAL        **4**

# Exhibit "A"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AND MUTUAL RELEASE AGREEMENT ("Settlement Agreement") is made as by and between **Mercari, Inc, a California corporation, dba Unishippers**, on the one hand, and **Justin Beget** ("Beget"), **Matthew Walsh** ("Walsh"), **Erin Breen** ("Breen"), **First Street Capital, LLC, a Maryland limited liability company, dba DC East Freight, Unishippers** ("First Street Capital"), **Monkey Logistics, LLC, a Nevada limited liability company** ("Monkey Logistics"), **Molger, Inc., a California corporation** ("Molger"), and **dnaFreight, a California corporation** ("dnaFreight") (collectively referred to as the "Settling Defendants") on the other hand, who are all collectively referred to sometimes hereinafter as "the Parties" or individually as the "Party."

### RECITALS

A.     On October 5, 2009, Mercari filed a complaint (which Mercari amended on November 6, 2009) against Settling Defendants in the United States District Court for the Northern District of California (the "Court"), case number C 09-04726 MHP, alleging, among other things, that the Settling Defendants engaged in various acts of unfair competition, including violation of the federal Racketeer Influenced and Corrupt Organizations Act and the California Uniform Trade Secrets Act (the "First Amended Complaint"). Settling Defendants deny the material allegations contained in the First Amended Complaint.

B.     On December 9, 2009, dnaFreight filed a counter-claim against Mercari alleging that Mercari owes dnaFreight at least $34,258.47 in damages for services dnaFreight performed on behalf of Mercari (the "dnaFreight Counter-Claim"). Mercari denies the material allegations contained in the dnaFreight Counter-Claim.

C.     On December 18, 2009, Beget filed a counter-claim against Mercari alleging that Mercari, among other things, breached a contract and owed Beget at least $654,000.00 in damages (the "Beget Counter-Claim"). Mercari denies the material allegations contained in the Beget Counter-Claim.

D.     On March 24, 2010, the Parties participated in a mediation, during which they executed a Memorandum of Understanding ("MOU"), a true and correct copy of which is attached hereto as Exhibit "A".

E.     The Parties acknowledge that this settlement will avoid the disruption, inconvenience, and additional costs associated with further litigation of the claims that the Parties have, had and may have against each other, and is intended to bring closure to any and all disputes and claims by and between the Parties that arise from or could relate to the allegations contained in the First Amended Complaint, the dnaFreight Counter-Claim and the Beget Counter-Claim.

NOW, THEREFORE, in consideration of the promises and of the mutual covenants hereinafter set forth, the Parties hereto, intending to be legally bound, hereby agree as follows:

1.   Incorporation of Recitals.

        The Parties agree that the recitals referenced above, including the MOU, are hereby incorporated by reference into the Settlement Agreement as a material part of this Settlement Agreement.

2.   Settlement Payments by the Settling Defendants.

        The Settling Defendants agree to jointly and severally pay to Mercari the total sum of $250,000.00 as follows:  (1) $100,000.00 within 15 days after the last date the Parties execute this Settlement Agreement (the "Initial Settlement Payment"); and (2) the remaining $150,000.00 in 12 equal installments of $12,500.00 each payable on or before the fifteenth (15th) day of each month commencing the month following the Initial Settlement Payment.  Said payments will be made via check payable to "McNamara Client Trust Account" (federal tax identification number 94-1555712), and Mercari agrees that the payments shall be made in such a manner.

3.   Stipulated Judgment for Breach of Paragraph 2 of this Settlement Agreement.

        Should the Settling Defendants breach this Settlement Agreement by failing to make any of the payments referred to in Paragraph 2 of this Settlement Agreement, Mercari will provide written notice of said breach to the Settling Defendants and give them five (5) business days from the date of the written notice to cure said breach.  Should the Defendants fail to cure said breach, the Defendants agree, stipulate and consent to a judgment being entered against them, jointly and severally, and in favor of Mercari in the Court in the amount of $500,000.00, less any and all payments previously received by Mercari under this Settlement Agreement.   In accordance with the applicable Federal Rules of Civil Procedure, Mercari shall support its request for a judgment with a declaration from a person with sufficient personal knowledge of the Settling Defendants' payments under this Settlement Agreement and of Settling Defendants' breach of this Settlement Agreement by failing to make any particular payment.  Notice of the request for judgment shall be served on the Settling Defendants in accordance with the applicable Federal Rules of Civil Procedure and local court rules so that the Settling Defendants may dispute entry of the judgment if they claim they are not in breach of this Settlement Agreement or dispute Mercari's assertion of the amount they have previously paid under this Settlement Agreement.  No other issues may be raised at this hearing for the entry of the judgment against the Settling Defendants.  The Settling Defendants must support their dispute of entry of judgment with declaration(s) from person(s) with sufficient personal knowledge of the fact that they are not in breach of this Settlement Agreement.   The Settling Defendants agree that they shall not contest the jurisdiction and power of the Court to enter a judgment against them pursuant to this Settlement Agreement and the Stipulation for Entry of Judgment, a true and correct copy of said Stipulation for Entry of Judgment is attached hereto as Exhibit "B".

4. Covenant not to Solicit Customers.

      a.     For a period of one (1) year following the last date this Settlement Agreement is executed by the Parties, Settling Defendants will not directly or indirectly solicit any customer of Mercari, for which Mercari provided third party logistics shipping and freight reseller services ("3PL Services") within the six (6) months prior to the last date this Settlement Agreement is executed by the Parties and which are not being provided 3PL Services by Settling Defendants within the six (6) months prior to the last date this Settlement Agreement is executed by the Parties, to provide 3PL Services to said customer.

      b.     Attached hereto as Exhibit "C" is a list of the names of the customers covered by the restrictive covenant set forth in this Paragraph 4.

      c.     Notwithstanding the foregoing, the Settling Defendants are permitted to provide 3PL Services to any of the customers identified in Exhibit "C" that contact Settling Defendants on their own without any solicitation on the part of the Settling Defendants.

5. Dismissal of the First Amended Complaint as to Settling Defendants, dnaFreight Counter-Claim and Beget Counter-Claim, With Prejudice.

      On or before the third (3rd) business day following the latest date this Settlement Agreement is executed by the Parties, the Parties shall file a Stipulation and Order of Dismissal dismissing one another from the First Amended Complaint, the dnaFreight Counter-Claim and the Beget Counter-Claim, with prejudice, but conferring jurisdiction on this Court for the sole purpose of enforcing this Settlement Agreement and entering any judgment against the Settling Defendants pursuant to Paragraph 3 of this Settlement Agreement, a copy of said Stipulation and Order of Dismissal is attached hereto as Exhibit "D".

6. Mercari's Claims As To Other Defendants.

      The Parties agree that nothing in this Settlement Agreement or the Stipulation for Entry of Judgment shall be construed as to limit any rights or remedies which Mercari may have against any defendants other than the Settling Defendants.

7. Non-Disparagement/Non-Interference.

      The Parties agree that they, and each of them, will not voluntarily make any disparaging or defamatory statements about each other to any person or entity, and that they, and each of them, will not unlawfully interfere with the other's contractual or business relationship with any person or entity.  It is understood, however, that both Parties are free to lawfully compete with each other.

8. Mutual Release.

      a.     The Settling Defendants, on their own behalf and on behalf of their predecessors, successors and assigns, hereby, upon the execution of this Settlement Agreement, release and forever discharge Mercari and its employees, shareholders, officers, directors, agents, insurers, attorneys, parents, subsidiaries, divisions or affiliated organizations or corporations, whether previously or hereafter affiliated in any manner, and their respective predecessors, successors and assigns (collectively "Mercari Released Parties") from any and all claims, demands, causes of action, obligations, charges, damages, liabilities, attorneys' fees, and costs of any nature whatsoever, contingent or non-contingent, matured or unmatured, liquidated or unliquidated, whether or not known, suspected or claimed, which the Settling Defendants ever had, now have or may claim to have had as of the date they execute this Settlement Agreement against the Mercari Released Parties (whether directly or indirectly), or any of them, by reason of any act or omission whatsoever, concerning any matter, cause or things, including, without limiting the generality of the foregoing, any claims, demands, causes of actions, obligations, charges, damages, liabilities, attorneys' fees and costs relating to or arising out of any alleged violation of any contracts, express or implied, any covenant of good faith and fair dealing, express or implied, or any tort, or any federal, state or other governmental statute, regulation or ordinance, or any other facts, transactions or occurrences including, but not limited to those relating to the allegations in the dnaFreight Counter-Claim and the Beget Counter-Claim. Notwithstanding the foregoing, the Settling Defendants' release does not release any claims that they cannot lawfully waive.

      b.     Mercari, on its behalf and on behalf of its predecessors, successors and assigns, hereby, upon the execution of this Settlement Agreement, and except as otherwise provided in this Settlement Agreement and the Stipulation for Entry of Judgment, releases and forever discharges the Settling Defendants, and their employees, shareholders, officers, directors, agents, insurers, attorneys, parents, subsidiaries, divisions or affiliated organizations or corporations, whether previously or hereafter affiliated in any manner, and their respective predecessors, successors and assigns (collectively, "Settling Defendants Released Parties") from any and all claims, demands, causes of action, obligations, charges, damages, liabilities, attorneys' fees, and costs of any nature whatsoever, contingent or non-contingent, matured or unmatured, liquidated or unliquidated, whether or not known, suspected or claimed, which Mercari ever had, now has or may claim to have had as of the date it executes this Settlement Agreement against the Settling Defendants Released Parties (whether directly or indirectly), or any of them, by reason of any act or omission whatsoever, concerning any matter, cause or things, including, without limiting the generality of the foregoing, any claims, demands, causes of actions, obligations, charges, damages, liabilities, attorneys' fees and costs relating to or arising out of any alleged violation of any contracts, express or implied, any covenant of good faith and fair dealing, express or implied, or any tort, or any federal, state or other governmental statute, regulation or ordinance, or any other facts, transactions or occurrences including, but not limited to those relating to the allegations in the First Amended Complaint. Notwithstanding the foregoing, Mercari's release does not release any claims that it cannot lawfully waive.

9.  Scope of Mutual Release.

The Mutual Release set forth in Paragraph 8 of this Agreement is a release of all of the Parties' claims, demands, causes of action, obligations, damages, liabilities, and attorneys' fees and costs of any nature whatsoever, that are described in the applicable release, and is not intended to encompass any claims which may arise from the terms of this Settlement Agreement or the Stipulation for Entry of Judgment.

10. Waiver of Section 1542.

The Parties hereby state that their intention in executing this Settlement Agreement is that, except as otherwise provided in this Settlement Agreement and the Stipulation for Entry of Judgment, the same shall be effective as a bar to each and every claim, demand, cause of action, obligation, damage, liability, charge, attorneys' fees and costs released herein. The Parties hereby expressly waive and relinquish all rights and benefits, if any, arising under the provisions of Section 1542 of the Civil Code of the State of California, which provides:

**Section 1542. [Certain Claims Not Affected By General Release.] A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

11. Newly Discovered Facts.

The Parties hereby acknowledge that they, and each of them, may hereafter discover facts different from or in addition to those that they now know or believed to be true when they, and each of them, expressly agreed to assume the risk of the possible discovery of additional facts, and they agree that this Settlement Agreement and the Stipulation for Entry of Judgment will be and remain effective regardless of such additional or different facts. The Parties expressly agree that this Settlement Agreement and the Stipulation for Entry of Judgment shall be given full force and effect according to each and all of its express terms and provisions, including those relating to unknown or unsuspected claims, demands, causes of action, governmental, regulatory or enforcement actions, charges, obligations, damages, liabilities, and attorneys' fees and costs, if any, as well as those relating to any other claims, demands, causes of action, obligations, damages, liabilities, charges, and attorneys' fees and costs specified herein.

12. Related Actions.

The Parties hereby represent that, other than the First Amended Complaint, the dnaFreight Counter-Claim and the Beget Counter-Claim, they have not filed any complaints against one another with any local, state or federal administrative agency or court.

13. No Liens.

The Parties warrant and represent that there are no liens or claims or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein, and, further that they are fully entitled and duly authorized to give this final and complete general release and discharge.

14. No Admission of Liability.

This Agreement is a settlement of disputed claims and shall not in any way be construed as an admission of liability by any of the Parties.

15. Confidentiality.

The existence and terms of this Settlement Agreement will be held in strictest confidence by the Parties and will not be publicized or disclosed in any manner whatsoever, provided, however, that the Parties may disclose this Settlement Agreement insofar as such disclosure may be necessary to enforce its terms or as otherwise required or allowed by law.

16. Assignment.

Each Party warrants and represents to the other that it/he has made no assignment of any cause of action, right of action or any right of any kind embodied in any of the claims and allegations referred to herein, and shall indemnify the other Party from any released claims, demands, causes of action, obligations, damages, liabilities, attorneys' fees and other costs that are brought by any third person who received such an assignment from any Party to this Settlement Agreement.

17. Binding Nature.

This Settlement Agreement and the Stipulation for Entry of Judgment and all the terms and provisions herein shall bind the heirs, personal representatives, successors and assigns of each Party, and inure to the benefit of each Party, its/his agents, directors, officers, employees, servants, successors and assigns.

18. Construction.

Neither this Settlement Agreement nor the Stipulation for Entry of Judgment shall be construed in favor of or against any of the Parties.

19. Partial Invalidity/Severability.

Should any portion, word, clause, phrase, sentence or paragraph of this Settlement Agreement be declared void or unenforceable, such portion shall be considered independent and severable from the remainder, the validity of which shall remain unaffected.

20. Independent Evaluation.

    The Parties hereby represent and warrant that before executing this Settlement Agreement, they have considered its provisions and have had the opportunity to fully discuss the same with legal counsel, that they are executing this Settlement Agreement based upon their own independent review of this Settlement Agreement, and that they are not relying on any statement, promise or representation made by or on behalf of any other Party to this Settlement Agreement or its/his representatives, except as expressly provided herein.

21. Integration.

    This Settlement Agreement and the Stipulation for Entry of Judgment embody the entire agreement of all the Parties who have executed it, and they supersede any and all other agreements, understandings, negotiations and discussions, either oral or in writing, express or implied, between the Parties to this Settlement Agreement.   The Parties to this Settlement Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Settlement Agreement; that they have not executed this Settlement Agreement in reliance on any representations, inducements, promises, agreements, warranties, facts or circumstances, not expressly set forth in this Settlement Agreement; and that no representations, inducements, promises, agreements or warranties not contained in this Settlement Agreement including, but not limited to, any purported settlements, modifications, waivers or terminations of this Settlement Agreement, shall be valid or binding, unless executed in writing by all Parties to this Settlement Agreement.   This Settlement Agreement may be amended, and any provision herein waived, but only in writing, signed by the Party against whom such an amendment or waiver is sought to be enforced.

22. Compliance with Terms.

    The failure to insist upon compliance with any term, covenant or condition contained in this Settlement Agreement shall not be deemed a waiver of that term, covenant or condition nor shall any waiver or relinquishment of any right or power contained in this Settlement Agreement at any one time or more times be deemed a waiver or Settlement Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

23. Execution in Counterparts.

    This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  The Parties agree that signatures transmitted or received via facsimile or email pdf shall be fully acceptable to them.

24. Governing Law.

      This Settlement Agreement shall be interpreted under the laws of the State of California, both as to interpretation and performance.

25. Notices.

      Any notices to be given hereunder by either Party to the other must be effected in accordance with the applicable Federal Rules of Civil Procedure and local rules to the following addresses:

      To Mercari:

            J. Wesley Smith, Esq.
            Gary A. Watt, Esq.
            Christopher T. Lustig, Esq.
            McNamara, Dodge, et al.
            1211 Newell Ave.
            P.O. Box 5288
            Walnut Creek, CA 92596

      To Walsh, dnaFreight and/or Molger:

            Ron S. Brand, Esq.
            Fisher & Phillips LLP
            2050 Main St., Suite 1000
            Irvine, CA 92614

      To Beget, Breen, First Street Capital and/or Monkey Logistics:

            Todd G. Friedland, Esq.
            Stephens Friedland LLP
            4695 MacArthur Court, Suite 310
            Newport Beach, CA 92660

26. Acknowledgment of Authority.

      The undersigned hereby acknowledge and warrant that they, and each of them, have the authority to bind the entity or individual on behalf of whom they are signing to the terms of this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

DATED: May ___, 2010

**Mercari, Inc., a California corporation dba Unishippers**

By:_____

Its:_____

DATED: May ___, 2010

**First Street Capital, LLC, a Maryland limited liability company, dba DC East Freight, Unishippers**

By:_____

Its:_____

DATED: May ___, 2010

**Monkey Logistics, LLC, a Nevada limited liability company**

By:_____

Its:_____

DATED: May ___, 2010

**Molger, Inc., a California corporation**

By:_____

Its:_____

*[Signatures Continued On Next Page]*

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

DATED: May 13, 2010            **Mercari, Inc., a California corporation dba Unishippers**

By:_____

Its:_____

DATED: May ___, 2010           **First Street Capital, LLC, a Maryland limited liability company, dba DC East Freight, Unishippers**

By:_____

Its:_____

DATED: May ___, 2010           **Monkey Logistics, LLC, a Nevada limited liability company**

By:_____

Its:_____

DATED: May ___, 2010           **Molger, Inc., a California corporation**

By:_____

Its:_____

*[Signatures Continued On Next Page]*

-9-

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

DATED: May ___, 2010

Mercari, Inc., a California corporation dba Unishippers

By:_____

Its:_____

DATED: May 20, 2010

First Street Capital, LLC, a Maryland limited liability company, dba DC East Freight, Unishippers

By:_____

Its:___President_____

DATED: May ___, 2010

Monkey Logistics, LLC, a Nevada limited liability company

By:_____

Its:_____

DATED: May ___, 2010

Molger, Inc., a California corporation

By:_____

Its:_____

*[Signatures Continued On Next Page]*

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

DATED: May ___, 2010

**Mercari, Inc., a California corporation dba Unishippers**

By: _____

Its: _____

DATED: May 20, 2010

**First Street Capital, LLC, a Maryland limited liability company, dba DC East Freight, Unishippers**

By: _____

Its: President

DATED: May 24, 2010

**Monkey Logistics, LLC, a Nevada limited liability company**

By: _____

Its: President

DATED: May ___, 2010

**Molger, Inc., a California corporation**

By: _____

Its: _____

*[Signatures Continued On Next Page]*

-9-

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

DATED: May ____, 2010

**Mercari, Inc., a California corporation dba Unishippers**

By: _____

Its: _____

DATED: May ____, 2010

**First Street Capital, LLC, a Maryland limited liability company, dba DC East Freight, Unishippers**

By: _____

Its: _____

DATED: May ____, 2010

**Monkey Logistics, LLC, a Nevada limited liability company**

By: _____

Its: _____

DATED: May 2/, 2010

**Molger, Inc., a California corporation**

By: _Yoslm Y Eugen Yosin_

Its: _CEO_

*[Signatures Continued On Next Page]*

*[Signatures Continued From Last Page]*

DATED: May \_\_\_, 2010                    **dnaFreight, a California corporation**


By:_____

       Its:_____

DATED: May \_\_\_, 2010


_____

**Justin Beget, Personally**

DATED: May \_\_\_, 2010


_____

**Matthew Walsh, Personally**

DATED: May \_\_\_, 2010


_____

**Erin Breen, Personally**

*[Signatures Continued From Last Page]*

DATED: May 2/ , 2010

dnaFreight, a California corporation

By: ~~Dmitriy Temerov~~

Its: COO

DATED: May ___, 2010

_____

**Justin Beget, Personally**

DATED: May ___, 2010

_____

**Matthew Walsh, Personally**

DATED: May ___, 2010

_____

**Erin Breen, Personally**

-10-

*[Signatures Continued From Last Page]*

DATED: May ___, 2010                    dnaFreight, a California corporation


                                        By:_____

                                            Its:_____.


DATED: May 21 , 2010


                                        *Justin Beget*
                                        **Justin Beget, Personally**


DATED: May ___, 2010


                                        _____
                                        **Matthew Walsh, Personally**


DATED: May ___, 2010


                                        _____
                                        **Erin Breen, Personally**

-10-

*[Signatures Continued From Last Page]*

DATED: May ___, 2010        **dnaFreight, a California corporation**

By: _____

Its: _____

DATED: May ___, 2010

_____
**Justin Beget, Personally**

DATED: May |9 , 2010

_____
**Matthew Walsh, Personally**

DATED: May ___, 2010

_____
**Erin Breen, Personally**

-10-

*[Signatures Continued From Last Page]*

DATED: May ___, 2010                    **dnaFreight, a California corporation**

                                        By:_____

                                             Its:_____

DATED: May ___, 2010

                                        _____

                                        **Justin Beget, Personally**

DATED: May ___, 2010

                                        _____

                                        **Matthew Walsh, Personally**

DATED: May $^{20}$, 2010

                                        _____

                                        **Erin Breen, Personally**

-10-

# EXHIBIT A

## Memorandum of Understanding

Memorandum of Understanding

Whereas, there is now pending in the United States District Court, Northern District of California, the matter of Mercari, Inc. v. Justin Beget et al., and related counterclaims, Case No. 09-04726 (the "Action")

Whereas, MERCARI, INC. dba, UNISHIPPERS ("Mercari") on the one hand, and JUSTIN BEGET, an individual, MATTHEW WALSH, an individual, FIRST STREET CAPITAL, LLC, dba DC EAST FREIGHT, UNISHIPPERS, a Maryland limited liability company, ERIN BREEN, an individual, MONKEY LOGISTICS, LLC, a Nevada limited liability company, MOLGER, INC., a California corporation, DNAFREIGHT, a California corporation, on the other hand (collectively "Defendants) (Mercari and Defendants are collectively, the "Parties") desire to resolve the Action in its entirety.

Whereas, this Memorandum of Understanding ("MOU") sets forth certain of the essential terms of the settlement which the Parties shall incorporate in to a binding written settlement agreement ("Settlement Agreement") to be drafted by the Parties.

Now, therefore, the Parties agree that the written settlement agreement shall include, among other things, the following terms:

1. The Defendants jointly and severally shall pay to Mercari the total amount of $250,000.00 as follows : $100,000 within 15 days of execution by all parties of a formal written Settlement Agreement to be executed by the parties ("Initial Payment"). The Defendants jointly and severally shall pay the remaining $150,000 in 12 equal installments of $12,500 payable on or before the 15th day of each month commencing the month following the Initial Payment until paid in full.

2. Defendants shall have 5 business days following notice of any default to cure any such default.

3. The Settlement Agreement shall include a stipulation for entry of judgment in the amount of $500,000 to be entered by Mercari only in the event of an uncured payment default by Defendants.

4. For a period of one (1) year following the execution of the Settlement Agreement by the Parties, Defendants will not directly or indirectly solicit any customer of Mercari for which Mercari provided third party logistics services to within the six (6) months prior to the date the Settlement Agreement is executed by the Parties. Notwithstanding the foregoing, Defendants are allowed to do business with any of the aforementioned customers that contact Defendants on their own without any solicitation on the part of Defendants. This provision does not apply to customers that Defendants are providing third party logistics services to as of the date the Settlement Agreement executed by the Parties. Mercari shall provide a list of the customers that are part of this non-solicitation provision to be included in the Settlement Agreement.

5. Mutual general releases and Section 1542 waiver shall be included in the Settlement Agreement. No claims between Defendants and Mercari shall be reserved.

6. The Court shall retain jurisdiction of the Action and this MOU to enforce the terms of this MOU.

7. The Parties shall dismiss their respective claims with prejudice in accordance with the Court's procedures and the local rules or upon full performance of the Settlement Agreement by Defendants.

8.  The Parties shall keep the terms of this MOU confidential and shall agree upon a confidentiality provision in the Settlement Agreement.

Executed on: *March 24, 2010*

By _____ Justin Beget

By _____ Matt Walsh

By _____ Eric Bree

_Mercari, Inc._
By _____ Ernest S. Lin
Its _President of Mercari, Inc._

_Mercari, Inc._
By _____ Sanjay Ahuja
Its _Secretary, Mercari, Inc._

By _____ Justin Beget
Its _Monkey Logistics LLC, President_

By _____ Eugene Yesin
Its _DNA Freight Inc, Nolgen Inc CEO_

By _____ Eugene Yesin
Its _DNA Freight Inc, Nolgen Inc CEO_

By _____
Its _First Strict Capital LLC President_

# EXHIBIT B

## Stipulation for Entry of Judgment

## EXHIBIT C

**List of Customers Covered by Covenant not to Solicit**

123 Laundry
Abby United**
ABC Used Parts-
ACME DISPLAY & PACKAGE CO.
A-FRAME SPRAY BOOTHS**
AIT RACING
ALAMO REFRIGERATION
Alberts
Allsports Cages and Netting**
Als Auto Wrecking**
Alternate Heating Systems, Inc**
American Stove Works Inc**
American Truck Salvage Inc.-
A-One Solutions Inc**
Auto Parts Pros
Broadway Lift & Equipment Co.**
Butlers and Signs**
Intentionally Omitted
D & D Dismantlers, Inc**
Daves Automotive Enterprises
Diesel Fixers LLC**
Don Schmld Salvage-
Duanes Auto Wrecking-
Elegante Iron Inc**
Finish Pro Spray Booths**
Flexcash**
G2 Fitness Products**
Gardner Auto Parts - UNAP
Glasscages.com LLC**
Global Event Supply**
Got JDM LLC**
Intentionally Omitted
Hamilton Tool & Supply Co.**
High Speed Engineering**
JESCO
Kanan Professional Beauty Supply**
LANCASTER AMISH DIRECT
LiquidNation**
Low Mileage Engines.com-
Mckee Auto Parts
MendocinoDoors.com**
Merchandising Systems, Inc.**
Miami Car Accessories Inc.
Nabtek**
Online Commerce Group, LLC**
Orbeco Inc.
Phoenix Spas**
Picnsave Auto Recyclers-
Quality Auto Parts**
Rocki Top Auto Salvage-
SaunaKlts.com**

Silver Star Transmission**
Smart Furniture
SOUTHERN EQUIPMENT SALES
Spa-Mall**
SUNSTAR
Intentionally Omitted
Intentionally Omitted
VICTORY DISPLAY
Westside Ford
Intentionally Omitted

## EXHIBIT D

**Stipulation and Order for Dismissal**

# Exhibit "B"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**STIPULATION FOR ENTRY OF JUDGMENT**

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   J. WESLEY SMITH (State Bar No. 172878)
    GARY A. WATT (State Bar No. 191265)
2   CHRISTOPHER T. LUSTIG (State Bar No. 233338)
    McNAMARA, NEY, BEATTY, SLATTERY,
3   BORGES & BROTHERS LLP
    1211 Newell Avenue
4   Post Office Box 5288
    Walnut Creek, CA 94596
5   Telephone: (925) 939-5330
    Facsimile: (925) 939-0203
6   wesley.smith@mcnamaralaw.com
    gary.watt@mcnamaralaw.com
7   christopher.lustig@mcnamaralaw.com

8   Attorneys for Plaintiff/Counter-Defendant
    MERCARI, INC. DBA UNISHIPPERS

9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

| 13 | MERCARI, INC., dba UNISHIPPERS, | Case No. C 09-04726 MHP |
| --- | --- | --- |
| 14 | Plaintiff, | **STIPULATION FOR ENTRY OF JUDGMENT** |
| 15 | vs. | |

16   JUSTIN BEGET, an individual,
     MATTHEW WALSH, an individual,
17   FIRST STREET CAPITAL, LLC, dba DC
     EAST FREIGHT, UNISHIPPERS, a
18   Maryland limited liability company, ERIN
     BREEN, an individual, MONKEY
19   LOGISTICS, LLC, a Nevada limited
     liability company, MOLGER, INC., a
20   California corporation, DNAFREIGHT, a
     California corporation, MOUNTAIN
21   VIEW LOGISTICS, LLC dba
     NEWBURYPORT COMPANIES and dba
22   MOVEMENT LOGISTICS, a Maryland
     limited liability company, VOXX
23   SERVICES, LLC, a Maryland entity of
     unknown form, COLD SPRING
24   INVESTMENTS, LLC dba MOVEMENT
     LOGISTICS, a Maryland limited liability
25   company, COLD SPRING
     INVESTMENTS NO. 1, LIMITED
26   PARTNERSHIP dba MOVEMENT
     LOGISTICS, a Maryland limited
27   partnership, COLD SPRING
     INVESTMENTS NO. 2, LLP dba
28   MOVEMENT LOGISTICS, a Maryland

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   limited liability partnership, STEFAN
2   TRIANDAFILOU, an individual, and
    DOES 1-50,

3                    Defendants.

4   ————————————————————

5   DNA FREIGHT, a California corporation,

6                    Counter-Claimant,

7           vs.

8   MERCARI, INC., a California corporation,
    dba UNISHIPPERS,

9                    Counter-Defendant.

10  ————————————————————

11  JUSTIN BEGET, an individual,

12                   Counter-Claimant,

13          vs.

14  MERCARI, INC., a California corporation,
    dba UNISHIPPERS,

15                   Counter-Defendant.

16  ————————————————————

17          This Stipulation for Entry of Judgment (the "Stipulation for Entry of Judgment"), dated as
18  of the last date signed below, is made by and between plaintiff, Mercari, Inc, a California
19  corporation, dba Unishippers, on the one hand, and Justin Beget ("Beget"), Matthew Walsh
20  ("Walsh"), Erin Breen ("Breen"), First Street Capital, LLC, a Maryland limited liability company,
21  dba DC East Freight, Unishippers ("First Street Capital"), Monkey Logistics, LLC, a Nevada
22  limited liability company ("Monkey Logistics"), Molger, Inc., a California corporation
23  ("Molger"), and dnaFreight, a California corporation ("dnaFreight") (collectively referred to as
24  the "Settling Defendants") on the other hand, who are all collectively referred to sometimes
25  hereinafter as the "Parties" or individually as a "Party."

26  ///

27  ///

28  ///

    STIPULATION FOR ENTRY OF JUDGMENT          2

1

**RECITALS**

2      WHEREAS, on October 5, 2009, Mercari filed a complaint (which Mercari amended on

3  November 6, 2009) in the United States District Court for the Northern District of California (the

4  "Court"), case number C 09-04726 MHP, alleging, among other things, that the defendants

5  engaged in various acts of unfair competition, including violation of the federal Racketeer

6  Influenced and Corrupt Organizations Act and the California Uniform Trade Secrets Act (the

7  "First Amended Complaint").  Defendants denied the material allegations contained in the First

8  Amended Complaint;

9      WHEREAS, on December 9, 2009, dnaFreight filed a counter-claim against Mercari

10  alleging that Mercari owes dnaFreight at least $34,258.47 in damages for services that dnaFreight

11  performed on behalf of Mercari (the "dnaFreight Counter-Claim").  Mercari denied the material

12  allegations contained in the dnaFreight Counter-Claim;

13      WHEREAS, on December 18, 2009, Beget filed a counter-claim against Mercari alleging

14  that Mercari, among other things, breached a contract and owed Beget at least $654,000.00 in

15  damages (the "Beget Counter-Claim").  Mercari denied the material allegations contained in the

16  Beget Counter-Claim;

17      WHEREAS, on March 24, 2010, the Parties participated in a mediation, during which

18  they executed a Memorandum of Understanding ("MOU"), a true and correct copy of which is

19  attached hereto as Exhibit "A";

20      WHEREAS, on or about May 18, 2010, the Parties executed a settlement agreement and

21  mutual release (the "Settlement Agreement") incorporating the MOU and setting forth the

22  respective Parties' obligations to one another, a true and correct copy of said Settlement

23  Agreement is attached hereto as Exhibit "B";

24      WHEREAS, pursuant to the Paragraph 2 of the Settlement Agreement, the Settling

25  Defendants agreed to jointly and severally pay to Mercari the total sum of $250,000.00 as

26  follows:  (1) $100,000.00 within fifteen (15) days after the last date on which the Parties execute

27  the Settlement Agreement (the "Initial Settlement Payment"); and (2) the remaining $150,000.00

28

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

in twelve (12) equal installments of $12,500.00 each, payable on or before the fifteenth (15th) day of each month commencing with the month following the Initial Settlement Payment;

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, the Parties agreed that:

Should the Settling Defendants breach this Settlement Agreement by failing to make any of the payments referred to in Section 2 of this Settlement Agreement, Mercari will provide written notice of said breach to the Settling Defendants and give them five (5) business days from the date of the written notice to cure said breach. Should the Defendants fail to cure said breach, the Defendants agree, stipulate and consent to a judgment being entered against them, jointly and severally, and in favor of Mercari in the Court in the amount of $500,000.00, less any and all payments previously received by Mercari under this Settlement Agreement. In accordance with the applicable Federal Rules of Civil Procedure, Mercari shall support its request for a judgment with a declaration from a person with sufficient personal knowledge of the Setting Defendants' payments under this Settlement Agreement and of Settling Defendants' breach of this Settlement Agreement by failing to make any particular payment. Notice of the request for judgment shall be served on the Settling Defendants in accordance with the applicable Federal Rules of Civil Procedure and local court rules so that the Settling Defendants may dispute entry of the judgment if they claim they are not in breach of this Settlement Agreement or dispute Mercari's assertion of the amount they have previously paid under this Settlement Agreement. No other issues may be raised at this hearing for the entry of the judgment against the Settling Defendants. The Settling Defendants must support their dispute of entry of judgment with declaration(s) from person(s) with sufficient personal knowledge of the fact that they are not in breach of this Settlement Agreement. The Settling Defendants agree that they shall not contest the jurisdiction and power of the Court to enter a judgment against them pursuant to this Settlement Agreement and the Stipulation for Entry of Judgment. . . .

NOW, THEREFORE, in consideration of the agreements, promises and covenants hereinafter set forth, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties agree and stipulate as follows:

### AGREEMENT

1.      IT IS HEREBY STIPULATED that the recitals referenced above, including this MOU and Settlement Agreement, are hereby incorporated by reference into this Stipulation for Entry of Judgment as a material part of this Stipulation for Entry of Judgment.

2.      IT IS HEREBY FURTHER STIPULATED that should the Settling Defendants breach the Settlement Agreement by failing to pay to Mercari the total sum of $250,000.00 as follows: (1) $100,000.00 within fifteen (15) days after the last date on which the Parties execute the Settlement Agreement (the "Initial Settlement Payment"); and (2) the remaining $150,000.00 in twelve (12) equal installments of $12,500.00 each, payable on or before the fifteenth (15th) day

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   of each month commencing with the month following the Initial Settlement Payment, Mercari

2   will provide written notice of said breach to the Settling Defendants and give them five (5)

3   business days from the date of the written notice to cure said breach.

4         3.     IT IS HEREBY FURTHER STIPULATED that should the Settling Defendants

5   fail to cure said breach within said five (5)-business day period, the Settling Defendants agree,

6   stipulate and consent to a judgment being entered against them, jointly and severally, and in favor

7   of Mercari in this Court in the amount of \$500,000.00, less any and all payments previously

8   received by Mercari under the Settlement Agreement, in accordance with the terms of the

9   Settlement Agreement.

10         4.     IT IS HEREBY FURTHER STIPULATED that Mercari shall support its request

11   for entry of judgment with a declaration from a person with sufficient personal knowledge of the

12   Settling Defendants' payments under the Settlement Agreement and of Settling Defendants'

13   breach of the Settlement Agreement by failing to make any particular payment.   Notice of the

14   request for entry of judgment shall be served on the Settling Defendants in accordance with the

15   applicable Federal Rules of Civil Procedure and local court rules so that the Settling Defendants

16   may dispute entry of the judgment if they claim they are not in breach of the Settlement

17   Agreement or dispute Mercari's assertion of the amount that they have previously paid under the

18   Settlement Agreement. Settling Defendants must support their dispute of entry of judgment with

19   declaration(s) from person(s) with sufficient personal knowledge of the fact that they are not in

20   breach of the Settlement Agreement.  No further notice to Settling Defendants shall be required

21   and Mercari shall be entitled to immediately enforce and execute upon any judgment so obtained.

22         (a)     The notice to Settling Defendants required under this Paragraph 4 shall be

23   sent via overnight mail (such as Federal Express) to the following addresses:

24        To Walsh, dnaFreight and/or Molger:

25             Ron S. Brand, Esq.

26             Fisher & Phillips LLP
          2050 Main St., Suite 1000

27             Irvine, CA 92614

28

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  To Beget, Breen, First Street Capital and/or Monkey Logistics:

2        Todd G. Friedland, Esq.
3        Stephens Friedland LLP
        4695 MacArthur Court, Suite 310
4        Newport Beach, CA 92660

5        (b)     The notice to Settling Defendants required under this Paragraph 4 shall be

6  effective ·upon its deposit by Mercari in the overnight mail.

7        5.     IT IS HEREBY FURTHER STIPULATED that nothing in the Settlement

8  Agreement or this Stipulation for Entry of Judgment shall be construed as to limit any rights or

9  remedies which Mercari may have against any defendants other than the Settling Defendants. .

10        6.     IT IS HEREBY FURTHER STIPULATED that the Settling Defendants shall not

11  contest the jurisdiction and power of this Court to enter a judgment against them pursuant to the

12  Settlement Agreement.

13        7.     IT IS HEREBY FURTHER STIPULATED as follows:

14        (a)     The agreements contained in this Stipulation for Entry of Judgment and the

15  Settlement Agreement set forth the entirety of the agreements between the Parties and the terms

16  of this Stipulation for Entry of Judgment are contractual and not merely a recital.  Each Party

17  declares and acknowledges that it did not rely upon any representations made by any agent or

18  attorney of any other Party concerning the validity or merit of any of the released claims in

19  entering into this Stipulation for Entry of Judgment.  Each Party declares and acknowledges that

20  it is acting on its own best judgment as to the nature or validity of all released claims, upon the

21  advice of legal counsel chosen by each Party.

22        (b)     No Party shall issue any press release concerning this Stipulation for Entry

23  of Judgment or the other agreements referenced herein without the prior consent of all other

24  Parties.

25        (c)     This Stipulation for Entry of Judgment shall be construed in accordance

26  with and governed by the laws of the State of California, without regard to any of its choice of

27  law principles.

28

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1     (d)     This Stipulation for Entry of Judgment may be modified, supplemented or
2    amended only in a writing signed by all Parties.

3     (e)     This Stipulation for Entry of Judgment shall be effective when executed on
4    behalf of all Parties and may be executed in counterparts (including by signed, facsimile or
5    "PDF" copy), each of which shall be deemed an original but all of which together shall constitute
6    one and the same instrument.

7     (f)     No waiver of a breach, failure of any condition, or any right or remedy
8    contained or granted by provisions of this Stipulation for Entry of Judgment shall be effective
9    unless it is in writing and signed by the Party waiving the breach, failure, right or remedy.  No
10    waiver of any breach, failure, right or remedy shall be deemed a waiver of any breach, failure,
11    right or remedy, whether or not similar, nor shall any waiver constitute a continuing waiver unless
12    the writing so specifies.

13    IN WITNESS WHEREOF, the Parties have caused their duly authorized representatives
14    to execute this Stipulation for Entry of Judgment as of the respective dates written below.

15

16    DATED: May ___, 2010        **Mercari, Inc., a California corporation dba Unishippers**

17

18                 By:_____

19                  Its:_____

20    DATED: May ___, 2010        **First Street Capital, LLC, a Maryland limited liability company, dba DC East Freight, Unishippers**

21

22

23                  By:_____

24                  Its:_____

25

26

27              *[Signatures Continued on Next Page.]*

28

STIPULATION FOR ENTRY OF JUDGMENT     7

(d)    This Stipulation for Entry of Judgment may be modified, supplemented or amended only in a writing signed by all Parties.

(e)    This Stipulation for Entry of Judgment shall be effective when executed on behalf of all Parties and may be executed in counterparts (including by signed, facsimile or "PDF" copy), each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

(f)    No waiver of a breach, failure of any condition, or any right or remedy contained or granted by provisions of this Stipulation for Entry of Judgment shall be effective unless it is in writing and signed by the Party waiving the breach, failure, right or remedy.  No waiver of any breach, failure, right or remedy shall be deemed a waiver of any breach, failure, right or remedy, whether or not similar, nor shall any waiver constitute a continuing waiver unless the writing so specifies.

IN WITNESS WHEREOF, the Parties have caused their duly authorized representatives to execute this Stipulation for Entry of Judgment as of the respective dates written below.

DATED: May 1_, 2010

**Mercari, Inc., a California corporation dba Unishippers**

By: _____

Its: _____

DATED: May ___, 2010

**First Street Capital, LLC, a Maryland limited liability company, dba DC East Freight, Unishippers**

By: _____

Its: _____

*[Signatures Continued on Next Page.]*

STIPULATION FOR ENTRY OF JUDGMENT            7

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1

2      (d)      This Stipulation for Entry of Judgment may be modified, supplemented
amended only in a writing signed by all Parties.

3      (e)      This Stipulation for Entry of Judgment shall be effective when executed o
4 behalf of all Parties and may be executed in counterparts (including by signed, facsimile o
5 "PDF" copy), each of which shall be deemed an original but all of which together shall constitute
6 one and the same instrument.

7      (f)      No waiver of a breach, failure of any condition, or any right or remedy
8 contained or granted by provisions of this Stipulation for Entry of Judgment shall be effective
9 unless it is in writing and signed by the Party waiving the breach, failure, right or remedy.  No
10 waiver of any breach, failure, right or remedy shall be deemed a waiver of any breach, failure,
11 right or remedy, whether or not similar, nor shall any waiver constitute a continuing waiver unless
12 the writing so specifies.

13      IN WITNESS WHEREOF, the Parties have caused their duly authorized representatives
14 to execute this Stipulation for Entry of Judgment as of the respective dates written below.

15

16 DATED: May ___, 2010

Mercari, Inc., a California corporation dba
Unishippers

17

18

19 By:_____

Its:_____

20 DATED: May _24_, 2010

First Street Capital, LLC, a Maryland limited
liability company, dba DC East Freight,
Unishippers

21

22

23 By: _____

24 Its: _Presidant_____

25

26

27

28      *[Signatures Continued on Next Page.]*

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

STIPULATION FOR ENTRY OF JUDGMENT          7

1

*[Signatures Continued from Previous Page.]*

2

3

DATED: May ___, 2010

**Monkey Logistics, LLC, a Nevada limited liability company**

4

5

By:_____

6

Its:_____

7

8

9

DATED: May ___, 2010

**Molger, Inc., a California corporation**

10

11

By:_____

12

Its:_____

13

14

DATED: May ___, 2010

**dnaFreight, a California corporation**

15

By:_____

16

Its:_____

17

DATED: May ___, 2010

18

19

_____

**Justin Beget**

20

21

DATED: May ___, 2010

22

23

_____

**Matthew Walsh**

24

DATED: May ___, 2010

25

26

_____

**Erin Breen**

27

*[Signatures Continued on Next Page.]*

28

STIPULATION FOR ENTRY OF JUDGMENT          8

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

*[Signatures Continued from Previous Page.]*

DATED: May 21, 2010

Monkey Logistics, LLC, a Nevada limited liability company

By: _Justin Beget_  Justin Be___
Its: _President_

DATED: May ___, 2010

Molger, Inc., a California corporation

By: _____
Its: _____

DATED: May ___, 2010

dnaFreight, a California corporation

By: _____
Its: _____

DATED: May 21, 2010

_Justin Beget_
Justin Beget

DATED: May ___, 2010

_____
Matthew Walsh

DATED: May ___, 2010

_____
Erin Breen

*[Signatures Continued on Next Page.]*

STIPULATION FOR ENTRY OF JUDGMENT          8

ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

*[Signatures Continued from Previous Page.]*

DATED: May ___, 2010

Monkey Logistics, LLC., a Nevada limited liability company

By:_____

Its:_____

DATED: May ___, 2010

Molger, Inc., a California corporation

By: Eugene Yosin

Its: CEO

DATED: May ___, 2010

dnaFreight, a California corporation

By: Dmitriy Tarasov

Its: COO

DATED: May ___, 2010

_____

Justin Beget

DATED: May 19, 2010

_____

Matthew Walsh

DATED: May ___, 2010

_____

Erin Breen

*[Signatures Continued on Next Page.]*

STIPULATION FOR ENTRY OF JUDGMENT        8

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE (925) 939-5330

*[Signatures Continued from Previous Page]*

DATED: May ___, 2010

**Monkey Logistics, LLC, a Nevada limited liability company**

By: _____

   Its: _____

DATED: May ___, 2010

**Molger, Inc., a California corporation**

By: _____

   Its: _____

DATED: May ___, 2010

**dnaFreight, a California corporation**

By: _____

   Its: _____

DATED: May ___, 2010

_____
**Justin Beget**

DATED: May __, 2010

_____
**Matthew Walsh**

DATED: May ___, 2010

_____
**Erin Breen**

*[Signatures Continued on Next Page.]*

STIPULATION FOR ENTRY OF JUDGMENT        8

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE (925) 939-5330

*[Signatures Continued from Previous Page.]*

DATED: May ___, 2010      **Monkey Logistics, LLC, a Nevada limited liability company**

By:_____

Its:_____

DATED: May ___, 2010      **Molger, Inc., a California corporation**

By:_____

Its:_____

DATED: May ___, 2010      **duaFreight, a California corporation**

By:_____

Its:_____

DATED: May ___, 2010

_____
**Justin Beget**

DATED: May ___, 2010

_____
**Matthew Walsh**

DATED: May 24, 2010

_____
**Erin Breen**

*[Signatures Continued on Next Page.]*

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

*[Signatures Continued from Previous Page.]*

1

2

3

4  **Approved as to form only:**

5  Dated: May 18 , 2010                    MCNAMARA, NEY, BEATTY, SLATTERY,
                                           BORGES & BROTHERS LLP
6

7                                          By:_____
                                           Roger J. Brothers
8                                          J. Wesley Smith
                                           Gary A. Watt
9                                          Christopher T. Lustig
                                           Attorneys for Plaintiff MERCARI, INC. dba
10                                         UNISHIPPERS, a California corporation

11  Dated:_____, 2010                FISHER & PHILLIPS LLP

12                                         By:_____
13                                         Ron S. Brand
                                           Timothy J. Murphy
14                                         Attorneys for Defendants Matthew Walsh,
                                           Molger, Inc., a California corporation, and
15                                         DNAFreight, a California corporation

16  Dated:_____, 2010                STEPHENS & FRIEDLAND LLP

17                                         By:_____
18                                         Todd G. Friedland
                                           Attorney for Defendants Justin Beget, Erin Breen,
19                                         Monkey Logistics, LLC, a Nevada limited liability
                                           company, and First Street Capital, LLC, a Maryland
20                                         company

21                                         [End of Document]

22

23

24

25

26

27

28

1

*[Signatures Continued from Previous Page.]*

2

3

4   **Approved as to form only:**

5   Dated: _____, 2010                McNamara, Ney, Beatty, Slattery,
                                            Borges & Brothers LLP

6

7   By: _____
        Roger J. Brothers

8       J. Wesley Smith
        Gary A. Watt

9       Christopher T. Lustig
        Attorneys for Plaintiff MERCARI, INC. dba

10      UNISHIPPERS, a California corporation

11  Dated: 5|21|___, 2010                   FISHER & PHILLIPS LLP

12  By: *Ron S Brand*

13      Ron S. Brand
        Timothy J. Murphy

14      Attorneys for Defendants Matthew Walsh,
        Molger, Inc., a California corporation, and

15      DNAFreight, a California corporation

16  Dated: _____, 2010                STEPHENS & FRIEDLAND LLP

17

18  By: _____
        Todd G. Friedland

19      Attorney for Defendants Justin Beget, Erin Breen,
        Monkey Logistics, LLC, a Nevada limited liability

20      company, and First Street Capital, LLC, a Maryland
        company

21  [End of Document]

22

23

24

25

26

27

28

STIPULATION FOR ENTRY OF JUDGMENT               9

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1

*[Signatures Continued from Previous Page.]*

2

3

4   Approved as to form only:

5   Dated: May 18 , 2010                McNAMARA, NEY, BEATTY, SLATTERY,
                                        BORGES & BROTHERS LLP
6
7                                       By:
                                            Roger J. Brothers
8                                           J. Wesley Smith
                                            Gary A. Watt
9                                           Christopher T. Lustig
                                            Attorneys for Plaintiff MERCARI, INC. dba
10                                          UNISHIPPERS, a California corporation

11  Dated:_____, 2010             FISHER & PHILLIPS LLP

12
                                        By:
13                                          Ron S. Brand
                                            Timothy J. Murphy
14                                          Attorneys for Defendants Matthew Walsh,
                                            Molger, Inc., a California corporation, and
15                                          DNAFreight, a California corporation

16  Dated: May 21 , 2010                STEPHENS & FRIEDLAND LLP

17                                      By:
18                                          Todd G. Friedland
                                            Attorney for Defendants Justin Beget, Erin Breen,
19                                          Monkey Logistics, LLC, a Nevada limited liability
                                            company, and First Street Capital, LLC, a Maryland
20                                          company

21                                      [End of Document]

22

23

24

25

26

27

28

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5310

1

**EXHIBIT A**

2

**Memorandum of Understanding**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

**EXHIBIT B**

**Settlement Agreement**